## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SPRINT/UNITED MANAGEMENT CO., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 04-2476-KHV** |
| RWT TOURS, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Sprint/United Management Company brought suit against RWT Tours, Inc. ("RWT"), William D. Howell and Destination San Antonio, Inc. ("DSA") alleging breach of contract, breach of express warranties, negligence, fraud, negligent misrepresentation and quantum meruit. On April 20, 2005, the Court denied defendants' motion to dismiss. See Memorandum and Order (Doc. #27). This matter comes before the Court on Defendants RWT Tours, Inc., William D. Howell, And Destination San Antonio, Inc.'s Motion To Alter Or Amend Memorandum And Order (DOC #27) (Doc. #29) filed April 28, 2005. For reasons set forth below, the Court finds that defendants' motion should be overruled.

### Legal Standards

The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir.

-1-

1981); Burnett v. W. Res., Inc., 929 F.Supp. 1349, 1360 (D. Kan.1996).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).  Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Defendant asserts that the Court erred in finding that venue is proper in the District of Kansas.

## Analysis

The Court previously set out the relevant facts in this case, and it will not repeat them here.  See Memorandum and Order (Doc. #27).

Defendants argue that because William D. Howell cannot be found to reside in Kansas, the Court improperly relied on 28 U.S.C. § 1391(a)(1) as a basis for finding that venue is proper.  Defendants alternatively argue that (1) venue is improper under Section 1391(a)(3) because the action could be brought in an appropriate judicial district in Texas; and (2) venue is improper under Section 1391(a)(2) because none of the events which give rise to plaintiff's claims occurred in Kansas.

Under 28 U.S.C. § 1391(a), venue is proper where (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  While the two corporate defendants may be deemed to reside in Kansas, see 28 U.S.C. § 1391(c), Howell resides in Texas.  Defendant is correct that venue does not lie under Section 1391(a)(1) because not all defendants reside in the same state.  The Court finds,

however, that venue is proper under Section 1392(a)(2).

In a civil action where jurisdiction is based on diversity, venue is proper in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a)(2). Even if contacts with another judicial district are more substantial, venue may still be proper if a substantial part of events occurred in more than one district. See Wempe v. Sunrise Med. HHG, Inc., 61 F. Supp.2d 1165, 1173 (D. Kan. 1999). Here, a substantial part of the events giving rise to plaintiff's claims occurred in Kansas. Defendants negotiated the contract through phone calls and e-mails with plaintiff in Kansas. Defendants sent invoices to Kansas for payment, and plaintiff authorized payment from Kansas. Moreover, defendants communicated fraudulent statements to plaintiff in Kansas. The Court concludes that these actions satisfy the requirements under Section 1391(a)(2) and therefore venue is Kansas is proper.

**IT IS THEREFORE ORDERED** that Defendants RWT Tours, Inc., William D. Howell, And Destination San Antonio, Inc.'s Motion To Alter Or Amend Memorandum And Order (DOC. #27) (Doc. #29) filed April 28, 2005 be and hereby is **OVERRULED**.

Dated this 6th day of June, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge